IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY ALLEN FOX, § | |
| ICI NO.58925, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-06-2092 |
| § | |
| JOHN DOE NO.1, *et al.*, § | |
| Defendants. § | |

OPINION ON DISMISSAL

Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED. Plaintiff seeks relief under 42 U.S.C. § 1983; he alleges that his court-appointed attorney and the prosecutor engaged in unethical and illegal acts, which violated his rights to due process and equal protection. The Court will dismiss this case for the reasons to follow.

BACKGROUND

Plaintiff was arrested on July 20, 1991 by City of Houston police officers and charged with sexual assault. http://www.lexis.com/research/. He entered a guilty plea pursuant to an agreed punishment recommendation and the state district court assessed punishment at four years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division. (Docket Entry No.1). Plaintiff contends that before entering his plea, his appointed counsel asked his parents several times for $300.00 to properly "defend" plaintiff. He further contends the prosecutor approached plaintiff outside the courtroom, yelled and cursed at him, and threatened that if he did not accept the plea bargain, she would make sure that he received a ten year sentence. (*Id.*). Plaintiff maintains this conduct violates his right to due process and equal protection. (*Id.*). He seeks compensatory and punitive damages. (*Id.*).

DISCUSSION

In §1983 cases, federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsom*, 883 F.2d 416, 418 (5th Cir. 1989), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002).

The accrual of a cause of action under §1983 is determined by reference to federal law. *Burrell*, 883 F.2d at 418; *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The cause of action accrues when "the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury" or "has reason to know" this information. *Id.* "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Pitotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "[A] plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.*

Plaintiff argues that this complaint cannot be dismissed as time-barred because he just found out that his rights have been violated. (Docket Entry No.1). Nevertheless, his pleadings show that he was aware of the critical facts and who inflicted the alleged unconstitutional injuries in 1991, before he entered his plea. Yet, plaintiff filed this complaint in 2006, years after the cause of action accrued. Therefore, limitations bar his claims.

The district court may dismiss an action *sua sponte* if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Because plaintiff's claim lacks an arguable basis in law, the Court will dismiss his complaint with prejudice.

2

CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED. The official in charge of the Inmate Trust Fund at the Idaho Correctional Institution-Orofino will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

2. Plaintiff's complaint is DISMISSED with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Signed at Houston, Texas, this 21st day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE