IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK GORHAM, | § | |
| TDCJ-CID NO.757916, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-2748 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Mark Gorham filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2003 judgment of a conviction for possession of a controlled substance in cause number 942847 in the 248th District Court of Harris County, Texas.  (Docket Entry No.1).  Because petitioner is no longer is custody pursuant to this judgment, the Court lacks jurisdiction to consider this habeas action.  Accordingly, the Court will dismiss petitioner's habeas petition.

Background

Petitioner reports that on April 8, 2003, upon a negotiated plea of guilty, he was convicted of possession of controlled substance and sentenced to eight months confinement in a state jail facility, where he was to participate in a drug rehabilitation program.  (*Id.*; Docket Entry No.3). Petitioner did not appeal his conviction but on March 15, 2004, he filed a state habeas application challenging the voluntariness of his plea.  (*Id.*).  On October 19, 2005, the Texas Court of Criminal Appeals dismissed the application because petitioner was no longer in custody on the possession conviction.  (Docket Entry No.3).  On August 17, 2006, petitioner filed this federal habeas petition challenging the voluntariness of his drug conviction.

Discussion

"Federal district courts do not have jurisdiction to entertain [28 United States Code] section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. *Id.* at 491.

In this case, petitioner's drug conviction in cause 942847 from the 248th District Court of Harris County, Texas, expired on November 12, 2003. (Docket Entry No.4, page 9). Because petitioner was not in custody for the 2003 drug conviction from the 248th District Court of Harris County, Texas, when he filed the pending petition, he cannot bring a federal habeas action directed solely at the 2003 drug conviction in cause no. 942847. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001). Accordingly, the Court will dismiss the petition with prejudice for want of jurisdiction.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001. On the other

hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, a certificate of appealability will be denied.

Conclusion

Accordingly, the Court ORDERS the following:

1.     Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED.

2.     Petitioner's habeas petition (Docket Entry No.1) is DISMISSED with prejudice for want of jurisdiction.

3.     A certificate of appealability is DENIED.

4.     All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, this 21st day of September,  2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE